UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF TEXAS and GREG ABBOTT, in his official capacity as Governor of the State of Texas, <br><br> Defendants. | Case No. 3:21-cv-173 |

**[PROPOSED] TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

This matter comes before the Court on the United States' Emergency Motion for a Temporary Restraining Order or Preliminary Injunction (Motion). Upon consideration of the Complaint, the Motion, and the respective declarations of Brian S. Hastings, Chief Patrol Agent of the Rio Grande Valley (RGV) Sector, U.S Border Patrol (Border Patrol), U.S. Customs and Border Protection (CBP); Russell Hott, Assistant Director for the Custody Management Division (CMD), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO); and Jallyn Sualog, Deputy Director, Office of Refugee Resettlement (ORR), U.S. Department of Health and Human Services (HHS); the Court finds as follows:

1.  This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all the parties, and venue in this district is proper. The United States is likely to prevail on its claims that Texas Governor Greg Abbott's "executive order No. GA-37 relating to the transportation of migrants during the COVID-19 disaster," issued on July 28, 2021 (the executive order), violates the Supremacy Clause of the U.S.

Constitution because (1) it conflicts with, and poses an obstacle to, federal immigration law; and (2) it directly regulates the federal government's operations.

      2.      The executive order causes irreparable injury to the United States and to individuals whom the United States is charged to protect, jeopardizing the health and safety of non-citizens in federal custody, risking the safety of federal law enforcement personnel and their families, and exacerbating the spread of COVID-19.

      3.      The balance of equities and the public interest also favor the United States.

Accordingly, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 65, the United States' Emergency Motion for a Temporary Restraining Order or Preliminary Injunction is GRANTED.

IT IS FURTHER ORDERED that Defendants, their agents, officers, and employees, and all other persons and entities in active concert or participation with them, are enjoined, pending a hearing on the United States' application for a preliminary injunction, from taking any action to enforce the executive order.

IT IS FURTHER ORDERED this temporary restraining order shall remain in force until the ____ day of _____, 2021, or until such later date as may be extended by the Court or agreed upon by the parties. Pursuant to Federal Rule of Civil Procedure 65(d), the parties shall appear telephonically before this Court on _____, ____ 2021 for a hearing to show cause, if any, why the preliminary injunction requested by the United States should not be granted. Defendants shall serve and file any response to the application for a preliminary injunction on or before _____, ____ 2021, and the United States shall serve and file any reply on or before on _____, ____ 2021.

SO ORDERED, this the ____ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE