IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § | |
| Plaintiff, | § § § | |
| v. | § § § | EP-21-CV-173-KC |
| THE STATE OF TEXAS and GREG ABBOTT, in his official capacity as Governor of the State of Texas, | § § § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| ANNUNCIATION HOUSE; ANGRY TIAS & ABUELAS OF THE RIO GRANDE VALLEY; JENNIFER HARBURY; and FIEL HOUSTON, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | EP-21-CV-178-KC |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas; and STEVEN MCCRAW, in his official capacity as Director of the State of Texas Department of Public Safety, | § § § § § § § § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered Plaintiffs' Motion to Consolidate ("Motion"), ECF No. 5. Upon due consideration, the Motion is **GRANTED**.

1

Pursuant to Federal Rule of Civil Procedure 42(a), a district court has broad discretion to consolidate actions pending before it if the actions involve a common question of law or fact. Fed. R. Civ. P. 42(a); *Hall v. Hall*, --- U.S. ----, 138 S. Ct. 1118, 1131 (2018). When deciding whether to exercise that discretion, courts consider factors including (1) whether the actions are pending before the same court; (2) whether common parties are involved; (3) whether any risk of prejudice or confusion is outweighed by the risk of inconsistent adjudications; and (4) whether consolidation will conserve judicial resources. *Clark v. PNC Bank, N.A.*, Civil Action No. SA-13-CV-799-XR, 2013 WL 6668674, at *1 (W.D. Tex. Dec. 17, 2013). However, consolidation alone "does not merge the suits into a single cause[] or change the rights of the parties." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997). "[M]erger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately," and so "separate verdicts and judgments are normally necessary." *Hall*, --- U.S. ----, 138 S. Ct. at 1130 (quotations omitted).

The *Clark* factors counsel in favor of consolidation. The two cases at issue are both pending before this Court; they involve significantly overlapping challenges to the same Executive Order; they were filed within days of one another. Moreover, consolidation will further judicial economy.

Accordingly, it is hereby **ORDERED** that cause numbers EP-21-CV-173-KC and EP-21-CV-178-KC be **CONSOLIDATED** into cause number EP-21-CV-173-KC, for discovery and other pretrial purposes.

**IT IS ORDERED** that all future filings be **FILED** in cause number EP-21-CV-173-KC (Consolidated Action)**.**

**IT IS FURTHER ORDERED** that the Clerk of Court **FILE** this Order in both cases, EP-21-CV-173-KC and EP-CV-178-KC.

**IT IS FURTHER ORDERED** that the Clerk of Court **CONSOLIDATE** and **INCORPORATE** all parties and counsel in cause number EP-21-CV-178-KC into cause number EP-21-CV-173-KC.

**IT IS FURTHER ORDERED** that the Clerk of Court may take any additional steps necessary to effectuate this consolidation.

**IT IS FURTHER ORDERED** that the case styled EP-21-CV-178-KC be **CLOSED** unless the Court should find cause to reopen that case at a later date

**SO ORDERED.**

SIGNED this 26th day of August, 2021.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE