UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS; GREG ABBOTT, in his official capacity as Governor of Texas,<br><br>Defendants. | Case No. 3:21-cv-00173-KC (Consolidated) |
| ANNUNCIATION HOUSE; ANGRY TIAS & ABUELAS OF THE RIO GRANDE VALLEY; JENNIFER HARBURY; FIEL HOUSTON,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas; and STEVEN MCCRAW, in his official capacity as Director of the State of Texas Department of Public Safety,<br><br>Consolidated Defendants. | Case No. 3:21-cv-00178 |

**IMMIGRATION REFORM LAW INSTITUTE MOTION
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

The Immigration Reform Law Institute ("IRLI") respectfully moves for leave to file the attached brief as *amicus curiae* in support of Defendants' Motions to Dismiss.

IRLI has contacted the parties with respect to its brief. All parties have stated that they do not oppose IRLI's brief.

## IDENTITY AND INTEREST OF *AMICUS CURIAE*

IRLI is a nonprofit 501(c)(3) public interest law firm incorporated in the District of Columbia. IRLI is dedicated to litigating immigration-related cases on behalf of, and in the interests of, United States citizens and legal permanent residents, and to assisting courts in understanding and accurately applying federal immigration law. For more than twenty years, the Board of Immigration Appeals has solicited *amicus* briefs drafted by IRLI staff from IRLI's parent organization, the Federation for American Immigration Reform, because the Board considers IRLI an expert in immigration law.

## REASONS TO GRANT LEAVE TO FILE

District courts have broad discretion with respect to granting *amicus curiae* filings. *See Alex Pacheco v. Freedom Buick GMC Truck, Inc.*, No. MO-10-cv-116, 2011 U.S. Dist. LEXIS 167069, at *2 (W.D. Tex., 2011) ("[T]he district court's inherent authority to allow the participation of amicus under conditions that the court finds appropriate has been recognized in numerous cases."). Accordingly, this Court grants leave to file such briefs where "the information offered through the *amicus* brief is timely and useful or otherwise necessary." *Sierra Club v. FEMA*, No. H-07-0608, 2007 U.S. Dist. LEXIS 84230, at *4 (S.D. Tex., 2007) (internal citation omitted). *Amicus curiae* filings are not addressed by the Federal Rules of Civil Procedure or this Court's local rules. IRLI respectfully submits that compliance with the federal appellate rules for *amicus* briefs supports this Court's granting IRLI's motion.[1] *Id.* at *3-4 ("District courts

---

[1] Consistent with FED. R. APP. P. 29(a)(4)(E), counsel for movant authored the motion and brief in whole, and no counsel for a party authored the motion or brief in whole or in part, nor did any

commonly seek guidance from Federal Rule of Appellate Procedure 29"). *See also Canamar v. McMillin Tex. Mgmt. Servs., LLC*, No. SA-08-cv-0516 FB, 2009 U.S. Dist. LEXIS 108986, at *2 (W.D. Tex., 2009) ("No rule or statute defines the trial court's power when determining a motion for leave to file an amicus brief, although the court's authority is found to have been derived from Rule 29 of the Federal Rules of Appellate Procedure.")

Rule 29 provides that "[a]n amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6).  Here, Defendants, whom IRLI writes in support of, filed their Motions to Dismiss on Monday, October 11, 2021.  ECF Nos. 67, 68.  IRLI's motion and proposed brief are in compliance with the time constraints of Rule 29.

The Advisory Committee Notes to Rule 29 reflect that "the most compelling reason for granting leave to file" is that *amicus* addresses the issues relevant to the case.  Fed. R. App. P. 29, Advisory Committee Notes, 1998 Amendment.  Leave to file an *amicus curiae* brief should be granted where "the proffered information is *timely and useful* or otherwise *necessary to the administration of justice*." *Texas v. United States*, No. 6:21-cv-00003, 2021 U.S. Dist. LEXIS 102971, at *3 (S.D. Tex. 2021) (emphasis in original) (internal citation and quotation marks omitted).  *See also Canamar v. McMilin Tex. Mgmt. Servs., LLC*, No. SA-08-cv-0516 FB, 2009 U.S. Dist. LEXIS 108986, at *2 (W.D. Tex., 2009).  IRLI's brief supplements the briefing of Defendants, arguing that Defendants' motions to dismiss must be granted because the actions at issue, which are in furtherance of the purposes of federal law, accordingly are not preempted by federal law.

---

person or entity, other than the movant or its counsel, make a monetary contribution to preparation or submission of the motion or brief.

## **CONCLUSION**

For these reasons, IRLI has a direct interest in the issues here, and respectfully requests that this motion for leave to file the accompanying memorandum of law as an *amicus curiae* be granted.

October 15, 2021                                         Respectfully submitted,

                                                         ___/s/ Gina M. D'Andrea_____
                                                         Gina M.D'Andrea
                                                         Admitted *Pro Hac Vice*

                                                         Gina M. D'Andrea
                                                         Immigration Reform Law Institute
                                                         25 Massachusetts Ave NW, Suite 335
                                                         Washington, DC 20001
                                                         (202) 232-5590
                                                         gdandrea@irli.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties.

   /s/ Gina M. D'Andrea