## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| ANNUNCIATION HOUSE; ANGRY TIAS & ABUELAS OF THE RIO GRANDE VALLEY; JENNIFER HARBURY; FIEL HOUSTON<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas; and STEVEN MCCRAW, in his official capacity as Director of the State of Texas Department of Public Safety<br><br>Defendants. | Case No. 3:21-cv-00173-KC |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

## INTRODUCTION

In ruling on Defendants' motion to dismiss, the Court dismissed Plaintiffs' Supremacy Clause claim, holding that they had not established a constitutional interest sufficient for pre-enforcement standing. Defendants had not raised this argument in their motion, and so Plaintiffs had not addressed it. Now, following remand from Defendants' interlocutory appeal, Plaintiffs submit this motion to respectfully request that the Court reconsider its dismissal of their preemption claim.

Plaintiffs easily satisfy the lenient requirement to show that their conduct is arguably affected with a constitutional interest under the Supremacy Clause. Indeed, private preemption claims like those Plaintiffs present here are commonplace, and Plaintiffs are aware of no case that has previously denied standing on this basis. And the Supreme Court has specifically held that private persons have standing to assert their "own constitutional interest[s]" in the structural principles of federalism. *Bond v. United States*, 564 U.S. 211, 220, 225-26 (2011). Thus, whether or not the Court continues to hold Plaintiffs' case in abeyance pending the federal government's suit, it should reconsider its dismissal of their preemption claim and hold that they have standing to advance that claim.[1]

## BACKGROUND

This is one of two consolidated cases challenging Governor Abbott's Executive Order GA-37, titled "Relating to the transportation of migrants during the COVID-19 disaster" ("Executive Order"). The other case, *United States v. Texas et al.*, No. EP-21-CV-173-KC, is brought by the federal government. The plaintiffs in this action are nonprofit organizations and an individual.

---

[1] The United States takes no position on this motion, and Defendants oppose the motion.

1

On February 17, 2022, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss in this case. *See* ECF No. 83 ("Order"). The Court dismissed Plaintiffs' Supremacy Clause claim, holding that they lacked standing. *Id.* at 17. Specifically, the Court held that Plaintiffs "offered no explanation or authority supporting the position that their intended conduct is affected with a constitutional interest related to the Supremacy Clause." *Id.* at 10. It also stated that "the Supremacy Clause does not create a private right of action and, indeed, is 'not the source of any federal rights.'" *Id.* (citing *Armstrong v. Exceptional Child Ctr., Inc.,* 575 U.S. 320, 324 (2015)). The Court denied the Defendants' motion to dismiss on jurisdictional grounds as to Plaintiffs' Fourth Amendment claim, holding that Plaintiffs had standing as to that claim and could sue Governor Abbott, and held the merits of that claim in abeyance pending the resolution of the United States' claims in the consolidated case. *Id.* at 17.

Defendant Abbott appealed the Order, arguing that sovereign immunity barred Plaintiffs' suit against him and that they lacked standing to sue him for the same reasons. *See* ECF Nos. 85, 93-1. This Court stayed this case pending resolution of Defendant Abbott's interlocutory appeal. *See* ECF No. 89. The Fifth Circuit eventually ordered Plaintiffs' claims against Defendant Abbott dismissed. *See* ECF No. 93-1. On December 20, 2023, the Court dismissed all claims against Defendant Abbott, lifted the stay in this case, and ordered a joint report to be filed by January 26, 2024. *See* ECF No. 94.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) allows the Court to revise or amend "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This rule "allow[s] parties to seek reconsideration of interlocutory orders and

authorize[s] the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)) (cleaned up); *see also McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

## ARGUMENT

The Court should reconsider its holding that Plaintiffs lack standing to assert their Supremacy Clause claim. In their motion-to-dismiss briefing, Defendants never advanced the argument that Plaintiffs lack standing for their Supremacy Clause claim due to a lack of a constitutional interest. *See* ECF Nos. 67-68, 78-79. Given the Court's concern on this subject, Plaintiffs respectfully submit this motion to provide "explanation [and] authority supporting" their standing to advance their Supremacy Clause claim. Order at 10.

Plaintiffs have standing to challenge the Executive Order as preempted against Defendant McCraw.[2] To establish preenforcement standing based on the danger of future prosecution, a plaintiff must allege an "intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [law], and [that] there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59 (2014) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). That standard "sets a low threshold and is quite forgiving to plaintiffs seeking such preenforcement review." *Cayuga Nation v. Tanner*, 824 F.3d 321, 323 (2d Cir. 2016); *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021) ("forgiving standard"). The Court already held that Plaintiffs satisfied the *Susan B. Anthony List* standard except for the constitutional interest prong as to the Supremacy Clause claim. *See* Order at 8-9, 11-13. The constitutional interest prong is especially

---

[2] After the Fifth Circuit's decision, the only remaining defendant in this case is the Texas Department of Public Safety Director Steven McCraw. *See* ECF No. 93-1.

3

lenient as it conspicuously includes the word "arguably," which the Supreme Court has stated in another context "indicate[s] that the benefit of any doubt goes to the plaintiff." *See Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 225 (2012) (addressing zone-of-interests analysis).

Plaintiffs' conduct is at a minimum arguably affected with a constitutional interest under the Supremacy Clause. U.S. Const. art. VI, § 2; *see* ECF No. 82 at 16 (holding that enforcing the Executive Order "would violate the Supremacy Clause"). Courts routinely find that this prong is satisfied when individuals challenge a law under the Supremacy Clause—*i.e.*, on "constitutional grounds." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013) (holding plaintiff had preenforcement standing to challenge an immigration-related law on Supremacy Clause grounds), *cert. denied*, 134 S. Ct. 1876 (2014); *see, e.g.*, *Puente Arizona v. Arpaio*, 76 F. Supp. 3d 833, 850 (D. Ariz. 2015) (same), *rev'd in part, vacated in part on other grounds*, 821 F.3d 1098 (9th Cir. 2016); *E.F. Transit, Inc. v. Indiana Alcohol & Tobacco Com'n*, 2016 WL 4761438, *8 (S.D. Ind. Sept. 13, 2016); *cf. Kentucky v. Yellen*, 54 F.4th 325, 336 (6th Cir. 2022) (general "federalism principles" provided the arguable constitutional interest for preenforcement standing).

Indeed, Plaintiffs are aware of no court ever denying standing for a preemption claim because the plaintiffs lacked a constitutional interest. To the contrary, such preemption claims are commonplace. *See, e.g.*, *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (collecting cases); *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 20 (2013) (holding state law was preempted in a private party preemption challenge); *Crown Castle Fiber, L.L.C. v. City of Pasadena, Texas*, 76 F.4th 425, 534-36 (5th Cir. 2023) (holding that a private party can assert a federal preemption claim in equity); *Nat'l Press Photographers Ass'n v. McCraw*, 84 F.4th 632, 656 (5th Cir. 2023) (holding plaintiffs had standing for preemption claim); *Villas at Parkside*

4

*Partners v. City of Farmers Branch, Tex.*, 726 F.3d 524, 527 (5th Cir. 2013) (holding local ordinance preempted in a private-party, preenforcement challenge); *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 332 (5th Cir. 2005) ("The Supreme Court has repeatedly entertained federal preemption claims seeking injunctive and declaratory relief."); *Tanner*, 824 F.3d at 331 (holding plaintiffs had preenforcement standing because they alleged intent to engage in conduct the prohibition of which was preempted); *Silva v. Farrish*, 47 F.4th 78 (2d Cir. 2022) (holding plaintiffs had preenforcement standing in preemption suit to challenge state regulations); *GenBioPro, Inc. v. Sorsaia*, No. 23-0058, 2023 WL 3211847, at *10 (S.D.W. Va. May 2, 2023) (same).

In preemption cases and others, individuals regularly vindicate their own "constitutional interest" in the Constitution's principles of federalism. *Bond v. United States*, 564 U.S. 211, 220, 225-26 (2011). For instance, in *Bond*, a person was seeking to "vindicate her own constitutional interest" under the Tenth Amendment. 564 U.S. at 220. The Supreme Court held that a private party "has a direct interest in objecting to laws that upset the constitutional balance" and may challenge a law that contravenes the Constitution's division of power between states and the federal government. *Id.* at 222-24; *see also id.* at 221 ("Fidelity to principles of federalism is not for the States alone to vindicate."). It reasoned that "[j]ust as it is appropriate for an individual, in a proper case, to invoke separation-of-powers or checks-and-balances constraints, so too may a litigant, in a proper case, challenge a law as enacted in contravention of constitutional principles of federalism." *Id.* at 223-24; *see also Nat. Labor Relations Bd. v. Noel Canning*, 573 U.S. 513, 556-57 (2014) (claim based on the Recess Appointments Clause); *Clinton v. City of New York*, 524 U.S. 417, 434-36 (1998) (claim based on the Presentment Clause); *INS v. Chadha*, 462 U.S.

5

919, 943-44 (1983) (claim based on the constitutional requirement of bicameralism and presentment).

Plaintiffs' challenge to the Executive Order seeks to vindicate their own constitutional interests because federal law preempts restrictions that curtail Plaintiffs' movement and their ability to shelter and transport noncitizens. As this Court has already held, "[e]nforcement of [the Executive Order] against anyone, even private parties, would violate the Supremacy Clause." ECF No. 82 at 16; *see also* ECF No. 52 at 9 ("Because the Order authorizes DPS agents to make and act on immigration determinations, the province of federal law, it is facially invalid."). The Executive Order thus flouts bedrock federalism principles that the federal government, not the states, have "[t]he authority to control immigration." *Truax v. Raich*, 239 U.S. 33, 42 (1915); *see also Arizona v. United States*, 567 U.S. 387, 409 (2012) ("[T]he removal process is entrusted to the discretion of the federal government."); *id.* ("Policies pertaining to the entry of aliens and their right to remain here are . . . entrusted exclusively to Congress.") (quoting *Galvan v. Press*, 347 U.S. 522, 531 (1954)); *DeCanas v. Bica*, 424 U.S. 351, 354 (1976) ("Power to regulate immigration is unquestionably exclusively a federal power."); *see also Farmers Branch, Tex.*, 726 F.3d at 529 & n.9 (collecting cases). Plaintiffs thus have a "direct interest in objecting" to the Executive Order, which "upset[s] the constitutional balance" of entrusting only the federal government with the power to regulate immigration. *Bond*, 564 U.S. at 222-24.

The Court's contrary ruling cited *Armstrong*, but if anything, that decision supports Plaintiffs' claims. *Armstrong* did not address standing and so offers no support for denying standing here. *See, e.g.*, *Bond*, 564 U.S. at 219 (warning against "conflation" of Article III standing with cause of action). Moreover, it reaffirmed that private parties have an equitable cause of action to challenge illegal state laws. *See Armstrong*, 575 U.S. at 327 ("The ability to sue to enjoin

6

unconstitutional actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England."). And the Supreme Court emphasized that "if an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted." *Id.* at 326. That is exactly what Plaintiffs seek here. *See Crown Castle Fiber*, 76 F.4th at 535-36 (citing *Armstrong* in holding that private entity could assert preemption claim in equity).[3]

Indeed, the central reason why courts enjoin the enforcement of invalid state laws is that regulated parties who "face[] a credible threat of enforcement" "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." *Susan B. Anthony List*, 573 U.S. at 161 (cleaned up); *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007) ("[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat.") (italics omitted). That rationale applies with equal force when regulated parties seek to vindicate their constitutional interests under the Supremacy Clause. That is why, as mentioned, courts regularly enjoin the enforcement of preempted state laws in cases brought by private parties. Plaintiffs thus satisfy the *Susan B. Anthony List* standard and have preenforcement standing to challenge the Executive Order as preempted.

---

[3] *Armstrong* held that in the Medicaid Act, Congress had precluded a private claim seeking a remedy "for the State's 'breach'" of its quasi-contractual agreement with the federal government. 575 U.S. at 323-24, 328. But that conclusion rested on two factors that are plainly inapposite here: Congress had provided a "sole" "administrative remedy" for precisely that kind of claim, and the applicable substantive standard contained "judicially unadministrable" language. *Id.* at 328-29. Neither of those is present here, where Congress has provided no alternative remedy to address preempted state laws, Plaintiffs are not seeking to enforce a particular statute, and this case involves no judicially unadministrable language.

## CONCLUSION

The Court should reconsider its order dismissing Plaintiffs' Supremacy Clause claim, and hold that Plaintiffs have standing to assert that claim.

Dated: January 18, 2024                              Respectfully submitted,

|  |  |
|---|---|
| Adriana Pinon, TX Bar No. 24089768<br>ACLU FOUNDATION OF TEXAS, INC.<br>5225 Katy Freeway, Suite 350<br>Houston, TX 77007<br>Tel. (713) 942-8146<br>Fax: (713) 942-8966<br>apinon@aclutx.org | /s/ Spencer Amdur<br>Spencer Amdur<br>Katrina Eiland*<br>Cody Wofsy<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION, IMMIGRANTS' RIGHTS PROJECT<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>Tel: (415) 343-0770<br>samdur@aclu.org<br>keiland@aclu.org<br>cwofsy@aclu.org<br><br>Omar Jadwat<br>Noor Zafar*<br>Ming Cheung*<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION, IMMIGRANTS' RIGHTS PROJECT<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2660<br>ojadwat@aclu.org<br>nzafar@aclu.org<br>mcheung@aclu.org<br><br>*Attorneys for Plaintiffs*<br><br>*Admitted pro hac vice |

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 17, 2024, I conferred with the United States and with Defendants. The United States takes no position on this motion, and Defendants oppose the motion.

<i>/s/ Spencer Amdur</i><br>
Spencer Amdur, CA Bar No. 320069<br>
January 18, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2024, this motion was filed electronically via CM/ECF and served on all counsel of record.

<i>/s/ Spencer Amdur</i><br>
Spencer Amdur, CA Bar No. 320069<br>
January 18, 2024