**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **CAUSE NO. EP-21-CV-173-KC** | |
| § | | |
| **THE STATE OF TEXAS and GREG ABBOTT, in his official capacity as Governor of the State of Texas,** § § § § | | |
| § | | |
| Defendants. § | | |

| | | |
|---|---|---|
| § | | |
| **ANNUNCIATION HOUSE; ANGRY TIAS & ABUELAS OF THE RIO GRANDE VALLEY; JENNIFER HARBURY; and FIEL HOUSTON,** § § § § § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | **CAUSE NO. EP-21-CV-178-KC** | |
| § | | |
| **THE STATE OF TEXAS and GREG ABBOTT, in his official capacity as Governor of the State of Texas; and STEVEN MCCRAW, in his official capacity as Director of the State of Texas Department of Public Safety,** § § § § § § § | | |
| § | | |
| Defendants. § | | |

## **ORDER**

On this day, the Court considered Annunciation House, Angry Tias & Abuelas of the Rio Grande Valley, Jennifer Harbury, and FIEL Houston's ("Private Plaintiffs") Motion for Reconsideration ("Motion"), ECF No. 95. For the reasons below, the Motion is **GRANTED**.

**I.     BACKGROUND**

On July 28, 2021, Texas Governor Greg Abbott issued Executive Order No. GA-37, "Relating to the transportation of migrants during the COVID-19 disaster" ("Executive Order"). Compl. ¶ 43, No. 21-cv-178, ECF No. 1.[1]  Private Plaintiffs brought suit against Governor Abbott and Director McCraw in their official capacities, challenging GA-37 as a facial violation of the Supremacy Clause and the Fourth Amendment.  Compl. ¶¶ 81–91, No. 21-cv-178.  On August 26, 2021, Private Plaintiffs' case was consolidated with *United States v. Texas*, No. 21-cv-173 (W.D. Tex. Feb. 16, 2024).  Aug. 26, 2021, Order 2, ECF No. 51.  Defendants then moved to dismiss all claims brought by Private Plaintiffs.  Mot. Dismiss 1, ECF No. 68.  On February 17, 2022, the Court denied Defendants' motion to dismiss the Fourth Amendment claim but granted as to the Supremacy Clause claim.  *See generally* Feb. 17, 2022, Order, ECF No. 83.  The Court held that Private Plaintiffs had failed to articulate how their intended conduct was affected by a constitutional interest related to the Supremacy Clause, and as a result, had not established standing.  *Id.* at 9–10.

Governor Abbott appealed, arguing that Private Plaintiffs lacked standing to sue and that sovereign immunity prevented their Fourth Amendment claims.  *See generally* Notice Appeal, ECF No. 85.  Without deciding whether Private Plaintiffs had Article III standing to sue Governor Abbot, the Fifth Circuit held that all claims against him were barred by sovereign immunity.  *See United States v. Abbott*, 85 F.4th 328, 332 (5th Cir. 2023).  Following remand, this Court dismissed all of Private Plaintiffs' claims against Governor Abbott, leaving only their Fourth Amendment claims against Director McCraw.  *See* Dec. 20, 2023, Order 2, ECF No. 94.  On January 18, 2024, Private Plaintiffs filed the instant Motion, requesting that the Court

---

[1] Unless otherwise noted, all citations to the electronic case filing record are to case number 21-cv-173.

2

reconsider the portion of its February 17, 2022, Order that dismissed their Supremacy Clause claim. Mot. 1. Director McCraw filed a Response, ECF No. 106, to which Private Plaintiffs filed a Reply, ECF No. 108.

## II.   DISCUSSION

### A.   Standard

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (alterations in original) (quoting Fed. R. Civ. P. 54(b)). The discretion to grant a Rule 54(b) motion for reconsideration "rests within the discretion of the court." *See Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (citing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)). "[T]he trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin,* 864 F.3d at 336 (citations omitted). Rule 54(b)'s flexibility "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 336–37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)).

### B.   Analysis

Private Plaintiffs challenge the Court's conclusion that they lacked standing to pursue their Supremacy Clause claim because they had not demonstrated that their intended course of conduct was affected with a constitutional interest under the Supremacy Clause. Mot. 1. They argue that their Supremacy Clause claim "seeks to vindicate their own constitutional interests because federal law preempts restrictions that curtail Plaintiffs' movement and their ability to

shelter and transport noncitizens," which in turn "flouts bedrock federalism principles." *Id.* at 6 (citations omitted). Private Plaintiffs assert the Court erred in its interpretation of *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320 (2015), which they argue does not preclude "a cause of action in equity"—as opposed to a claim for damages—absent an applicable statutory cause of action. Reply 5. Therefore, they contend that when "an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted." Mot. 7 (citing *Armstrong*, 575 U.S. at 326).

For his part, Director McCraw argues the Court was correct to find that no private right of action exists under the Supremacy Clause and that Private Plaintiffs failed to plead a constitutional interest. Resp. 4. He argues that although *Armstrong* "instructs courts to 'not give effect to state laws that conflict with federal laws,'" it "does not create a right to preemption a litigant can preemptively assert; instead, it 'instructs courts what to do when state and federal law clash.'" *Id.* at 6 *(*quoting *Armstrong*, 575 U.S. at 325–26). He further responds that Private Plaintiffs' intended conduct does not implicate a constitutional interest that would entitle them to pre-enforcement action by the Court, nor do they have a federally created statutory right put at risk by the Executive Order. *Id.* at 9–10. In short, Director McCraw primarily argues the Court was correct in its original determination that *Armstrong* precludes Private Plaintiffs' standing to challenge the Executive Order under the Supremacy Clause.

Earlier this year, when confronted with a similar question, the Fifth Circuit clarified that "[e]ven if a statute 'does not confer a private right, a plaintiff is not prevented from gaining equitable relief on preemption grounds.'" *United States v. Texas,* 97 F.4th 268, 277 (5th Cir. 2024) (quoting *Crown Castle Fiber, L.L.C. v. City of Pasadena*, 76 F.4th 425, 434–45 (5th Cir. 2023)). In that consolidated case, the United States, non-profit organizations, and El Paso

County brought suit against the State of Texas to enjoin a state law that they claimed would infringe the federal government's power to regulate immigration. *Id.* at 273. Following the district court's grant of the plaintiffs' motion for preliminary injunction, Texas filed an interlocutory appeal and moved to stay the injunction pending appeal. *Id.* at 274.

While the Fifth Circuit agreed with Texas that "the Supremacy Clause does not create a cause of action" for damages, it held that *Armstrong* left the door open for courts to "grant injunctive relief against state officers who are violating, or planning to violate, federal law," including the Supremacy Clause, if such an action in equity was not subject to express or implied statutory limitations. *Id.* at 275–76 (quoting *Armstrong*, 575 U.S. at 326–27). The court concluded that the "United States has broad powers and rights granted by the Constitution and Congress regarding immigration matters" and found "no constitutional or statutory provision that expressly or impliedly displaces an action arising in equity to enjoin executive action with regard to the matters at issue in [that] litigation." *Id.*

Director McCraw offers no basis to distinguish the Fifth Circuit's holding. Just like the plaintiffs in *United States v. Texas*, Private Plaintiffs ask the Court to enjoin a Texas law that they allege violates the Supremacy Clause because it improperly encroaches on the federal government's power to regulate immigration. Mot. 6; Compl. ¶¶ 2, 12, 81–84, No. 21-cv-178. And just like the defendant in *United States v. Texas*, Director McCraw points to no statutory provision that displaces Private Plaintiffs' equitable right to seek such relief under the Supremacy Clause. *See generally* Resp. Thus, regardless of the merits of the parties' competing interpretations of *Armstrong* at the time of the Court's Order in February 2022, the Fifth Circuit has since held that claims materially indistinguishable from Private Plaintiffs' Supremacy Clause claim may proceed. *United States v. Texas*, 97 F.4th at 276.

In sum, the Court's finding that Private Plaintiffs lacked standing was limited to one issue: Based on the Court's reading of *Armstrong*, they had not demonstrated that their intended course of conduct was affected with a constitutional interest under the Supremacy Clause. Feb. 17, 2022, Order 8–10. This "constitutional interest" requirement is derived from the *Susan B. Anthony List* test for standing based on imminent future harm. *Id.* at 8 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014)). All other *Susan B. Anthony List* elements are satisfied for reasons discussed in the February 17 Order. *Id.* at 8–13.

But Director McCraw argues that even if the Court adopts Private Plaintiffs' position on *Armstrong*, the Court should still find a lack of standing because the *Susan B. Anthony List* framework does not apply outside of the First Amendment context. Resp. 7–9. Prior to the February 17 Order, Director McCraw never argued that *Susan B. Anthony List* provided an improper standard for assessing Private Plaintiffs' standing. Quite the opposite—he cited *Susan B. Anthony List* as the applicable standard. *See* Defs.' Mot. Dismiss 4, 8–9, ECF No. 68; Defs.' Reply 6–7, ECF No. 79. Nor does Director McCraw argue that the Court should reconsider its determination that Private Plaintiffs have standing to pursue their Fourth Amendment claims, although his argument that *Susan B. Anthony List* is reserved for First Amendment Claims would also undermine that analysis. *See* Resp. 7–9.

Moreover, the Court notes that the Fifth Circuit has applied *Susan B. Anthony List* outside the First Amendment context on at least three occasions. *See, e.g.*, *Texas v. Yellen*, 105 F.4th 755, 764–65 (5th Cir. 2024) (spending clause and Tenth Amendment anti-commandeering challenges); *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 928 (5th Cir. 2023) (Religious Freedom Restoration Act challenge); *Consumer Data Indus. Ass'n v. Texas*, No. 21-51038, 2023 WL 4744918, at *1, 4 (5th Cir. July 25, 2023) (preemption challenge).

For the reasons stated above and in the February 17 Order, the Court is satisfied that it has subject matter jurisdiction over Private Plaintiffs' Supremacy Clause claim at the pleading stage. Feb. 17, 2022, Order 8–13. Accordingly, the Motion is granted, and the dismissal of Private Plaintiffs' Supremacy Clause claim against Director McCraw is vacated. Because the question of subject matter jurisdiction is never waivable and may be raised at any time, nothing prevents Director McCraw from reasserting his arguments in a motion for summary judgment, accompanied by any relevant evidence. Fed. R. Civ. P. 12(h)(3); *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

## III. CONCLUSION

For the above reasons, the Motion to Reconsider, ECF No. 95, is **GRANTED**. The dismissal of Private Plaintiffs' Supremacy Clause claim against Director McCraw is **VACATED**.

The briefing deadlines in the Scheduling Order, ECF No. 107, apply to all pending claims for which any party intends to move for summary judgment, including the reinstated Supremacy Clause claim.

**SO ORDERED.**

SIGNED this 30th day of July, 2024.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE